UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tunisha Wise, <br> individually and on behalf of all others similarly situated, <br> Plaintiff, <br> -v.- <br> Hayt, Hayt & Landau, LLC; <br> and John Does 1-25, <br> Defendants. | Case No.: 2:20-cv-20618 <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Tunisha Wise brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Hayt, Hayt & Landau, LLC ("Hayt"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Passaic, residing at 528 River Street, Paterson, NJ 07524.

8. Defendant Hayt is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2 Industrial Way West, Eatontown, NJ 07724.

9. Upon information and belief, Defendant Hayt is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant Hayt sent a collection letter;

   c. attempting to collect a consumer debt;

   d. In two sub-classes:

      1. where

         i. the letter provides a balance owed;

         ii. but does not state the balance may go up;

         iii. yet Defendant filed suit on the debt asking for additional amounts;

      2. where the letter states that a lawsuit was filed although the lawsuit had already been dismissed; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to August 4, 2020, Plaintiff allegedly incurred an obligation to non-party Capital One Bank (USA), N.A. ("Capital One").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically a Capital One personal credit card used for personal purchases.

23. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Capital One contracted with Defendant Hayt to collect the alleged debt.

26. Defendant Hayt collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - August 4, 2020 Collection Letter*

27. On or about August 4, 2020, Defendant Hayt sent Plaintiff a collection letter regarding the alleged debt. See Letter attached as Exhibit A.

28. The Letter states "LAWSUIT FILED WITH THE COURT".

29. It also states that it contained "OFFERS TO RESOLVE LAWSUIT".

30. However, the lawsuit at issue was already dismissed.

31. The Letter also states a balance of $1,346.63.

32. The letter does not state that this balance may increase.

33. However, due to court and other fees the balance was increasing.

34. Defendant had even requested more than this amount in its lawsuit filed against Plaintiff to recover the balance.

35. The letter is therefore deceptive.

36. Plaintiff was confused by this as the lawsuit claimed one total balance whereas the letter claimed another amount.

37. Plaintiff was further confused as Defendant stated, or implied, that there was a current lawsuit when the lawsuit had already been dismissed.

38. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

39. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

40. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

41. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

42. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

43. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

44. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

45. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

46. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

47. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

48. Plaintiff repeats the above allegations as if set forth here.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

51. Defendant violated said section by:

   a. Failing to note that the balance may increase despite that it could, and in fact, did, in violation of §1692e (10);

   b. Stating that a lawsuit had been filed although the lawsuit had already been dismissed, in violation of §1692e (10);

   c. Stating that it was including offers to settle a lawsuit that had already been dismissed, in violation of §1692e (10);

   d. representing or implying that nonpayment of the debt and lawsuit will result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages although Defendant did not intend to take such action, and/or because the lawsuit

   had already been dismissed, could not take such action, in violation of §1692e (4);

 e. threatening to take action that cannot legally be taken or that was not intended to be taken in violation of §1692e (5); and

 f. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

53. Plaintiff repeats the above allegations as if set forth here.

54. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

55. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

56. Defendant violated this section by unfairly

 a. failing to note that the balance may increase despite that it could, and in fact, did;

 b. Stating that a lawsuit had been filed although the lawsuit had already been dismissed;

 c. Stating that the letter included offers to settle a lawsuit that had in fact already been dismissed;

    d. representing or implying that nonpayment of the debt and lawsuit will result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages although Defendant did not intend to take such action, and because the lawsuit had already been dismissed, could not take such action, in violation of §1692e (4);

    e. threatening to take action that cannot legally be taken or that was not intended to be taken in violation of §1692e (5); and

    f. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

57. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tunisha Wise, individually and on behalf of all others similarly situated, demands judgment from Defendant Hayt as follows:

    a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

    b) Awarding Plaintiff and the Class statutory damages;

    c) Awarding Plaintiff and the Class actual damages;

      d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      e)      Awarding pre-judgment interest and post-judgment interest; and

      f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 30, 2020

Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*